**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREGORY HARRIS,**

    Petitioner,

v.                                            Case No. 4:16cv706-WS/CAS

**STATE OF FLORIDA, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about February 15, 2016, Petitioner Gregory Harris, a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. ECF No. 1. He also filed an amendment. ECF No. 3. By order dated March 30, 2016, that court transferred the case to this Court, explaining that Petitioner's warden is the proper Respondent and the Respondent was not within its territorial jurisdiction. ECF No. 5. Petitioner challenged this order and, by order filed October 18, 2016, the United States Court of Appeals for the District of Columbia Circuit ruled the district court did not abuse its discretion in transferring the case. ECF No. 9.

At the time he filed his petition, Harris was evidently incarcerated at the Franklin Correctional Institution in Carrabelle, Florida, which is located in the Northern District of Florida. ECF Nos. 1, 5; *see* 28 U.S.C. § 89(a). A review of the website for the Florida Department of Corrections reveals that Petitioner is currently incarcerated at Madison Correctional Institution in Madison, Florida, which is also located in the Northern District. *See* www.dc.state.fl.us. Regardless, a review of his petition indicates that he actually challenges a state court judgment from the Eleventh Judicial Circuit Court, Miami-Dade County, Florida, which is located in the Southern District of Florida. ECF No. 1*; see* 28 U.S.C. § 89(c). Indeed, as relief, he seeks release from prison. ECF No. 1 at 8. Thus, although presented on a § 2241 form, Petitioner Harris is actually seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court

for the Southern District of Florida, Miami Division. *Id*.; S.D. Fla. IOP 2.01.01(d).   *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).   Notably, Petitioner Harris has previously filed in this Court at least two other habeas corpus petitions, on § 2241 forms, which were transferred to the Southern District of Florida.   *See* Harris v. State of Florida, No. 4:15cv619-MW/EMT; Harris v. State, No. 4:16cv537-WS/EMT.   He has also previously filed in this Court a civil rights complaint under 42 U.S.C. § 1983, which was dismissed as he was found to be a "three-striker" under 28 U.S.C. § 1915(g).   Harris v. State of Florida, No. 4:15cv366-RH/CAS.

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**